STATE OF NORTH DAKOTA EX REL. JOHN M. BAER et al., Petitioners and Relators, v. THOMAS HALL, as Secretary of State, et al., Respondents.

(179 N. W. 712.)

**Elections — candidates for individual nominations may object to printing at head of same column of names of others indicating they represent another national party.**

Candidates whose names appear upon a general election ballot in a column devoted to "individual nominations" may properly object to the printing at the head of the same column of the names of candidates (also nominated by individual petitions) in such a way as to indicate that the latter represent a national political party with which the plaintiffs do not affiliate.

Opinion filed October 19, 1920.

Original application for writ of injunction.

Writ granted.

*Wm. Lemke,* Special Attorney General, *Barnett & Richardson, Clair F. Brickner,* and *Chas. L. Crum,* for petitioners and relators.

*Wm. Langer,* Attorney General, and *E. B. Cox,* Assistant Attorney General, for respondents Secretary of State and County Auditors. No appearance for individual defendants.

PER CURIAM. In the petition herein the plaintiffs allege that they are candidates for certain offices to be voted upon at the approaching general election on November 2, 1920, having been nominated by individual petitions. The respondents are printing concerns holding contracts for printing ballots, the secretary of state, and the county auditors of thirty counties, for which the respondent printing companies are printing election ballots. It is alleged that there are three parties in the state entitled to representation upon the official ballot, and to have the names of their candidates printed in separate columns, to wit, the Republican party, the Democratic party, and the Socialist party; that the candidates of these parties are entitled to have their names printed in a column, separate and distinct from the plaintiffs; that the respondents are engaged in the preparation, printing, and distribution of ballots on which the names of the plaintiffs appear in a

column headed "Individual Nominations," and under the names of candidates for Socialist presidential electors; that the word "Socialist" follows the name of each candidate for Socialist presidential elector, and that the candidates are grouped, and at the right of the group is printed the name "Debs;" that the petitioners are not Socialists, but individual candidates on individual nominations, who have in the past been Republicans, and who "intend to vote the Republican ticket, outside of their individual nominations;" that the printing and distribution of the ballot in the manner complained of will tend to confuse the voters and materially injure the chances of the petitioners in the election. The prayer for relief is for a temporary injunction restraining the action complained of, pending a hearing, and for a permanent injunction.

Upon the filing of the petition and the bond, a temporary restraining order was issued on October 16th, accompanied by an order to show cause, returnable October 18th.

Owing to the close proximity of the election, the attorney general was notified at the time of issuing the restraining order, and, to facilitate the early presentation of the matter, he waived further notice and consented to represent the official respondents. The individual respondents were not formally represented at the hearing on the return day.

The return and answer filed on behalf the official respondents denies that there are three political parties entitled to recognition as such on the official ballot, but contends that there are but two, the Republican and Democratic parties. It alleges that the Socialist party did not participate in the general election of 1918, to the extent of voting for candidates for representative in Congress and state officers. Nor did it participate in the presidential primary held in March, 1920. These facts, with reference to its nonparticipation, are borne out by the abstract of votes on file in the office of the secretary of state.

A separate answer has been filed by the county auditor of Richland county, accompanied by a sample ballot printed in four columns. This ballot is being supplied Richland county. In this ballot the names of the "Socialist" electoral candidates appear in a column separate and apart from the names of the petitioners. As no objection is made to this form of ballot, the petition will be dismissed as to the defendant the county auditor of Richland county.

It developed on the argument that the defendant Glove Gazette Printing Company is supplying ballots to twenty-four counties, and but three of them are being furnished ballots in the form objected to. There is then no objection to the ballots at present being supplied in forty counties.

It appears that the presidential electors who are designated as "Socialists" upon the ballot were nominated by separate, individual petitions, in which the petitioning electors did not purport to act as a party. The only statement in the petition in any way indicating the political principles which it was desired to have represented on the ballot is the request that the name of the candidate "be designated 'Socialist.'" Each of the affidavits filed by the nominees states, however, that he is a candidate of the Socialist party, and each petitions that his name be designated "Socialist" upon the ballot.

Our conclusions upon this matter must, of necessity be briefly expressed, and only such reasons will be assigned as, in our opinion, are essential to demonstrate the correctness of the conclusions. The nomination petitions of the candidates for presidential electors who desire to be designated as "Socialist" on the ballot are individual nominating petitions, and do not purport to represent the action of the party as such taken in any convention of any kind or in any primary election. They are essentially individual nominations, and, as such, they are not entitled to any grouping which would represent concerted party action. Neither is there any warrant for printing after their names upon the official ballot the designation of a person who is commonly known to be the candidate of the Socialist party for President. Nor is there any warrant for the printing of a box beside the name of the person who is regarded as the candidate of the Socialist party for President, in which it purports to be possible for the voter to vote by one cross for as many candidates for presidential elector as there are electors to be elected. Comp. Laws 1913, § 959. In brief, under the form of nominations made, the candidates who have stated that they desire to be designated as Socialists on the ballot are nothing more nor less than individual nominees, and there is no warrant for any sort of grouping upon the ballot or for any type of designation thereon that will tend to connect them with the party known nationally as the Socialist party.

But the correctness of our conclusion in this case does not depend upon the status, with respect to the Socialist party, of the electoral candidates who are designated "Socialist." For if it be assumed that these candidates are entitled to represent the Socialist party, and are to be regarded for all purposes of ballot arrangement as representing that party, it would follow that the petitioners have legitimate grounds for complaint against a ballot that would place the names of candidates affiliated with a distinct party organization in a column set apart for individual nominations, and this is especially true where the party nominations are for offices appearing at the head of the ticket.

We have not before us the electoral candidates who desire to be designated as Socialists. Consequently, we shall not undertake in this proceeding to determine absolutely the position and form in which their names may properly be placed upon the ballot. We are called upon here to determine the status of the Socialist electoral candidates only in so far as their arrangement upon the ballot adversely affects the petitioners. The petitioners have a right to have their names appear in the column of "individual nominations," and they have a further right to have removed from this column all semblance of political party affiliation on the part of other candidates appearing in the same column, except in so far as party affiliation may be inferred from the word or words used to designate the principles for which various nominees having individual nominations stand. Thus, if a three-column ballot is used, it should contain at least one column devoted exclusively to individual nominations, and in that column there may not be placed the names of any candidates not purporting to stand on individual nominations. If the "Socialist" President and Vice-President electors remain in the column, there must be removed therefrom the grouping of their names, the name "Debs" in the center and immediately to the right of the group, and the square or box purporting to facilitate voting for the group as a unit. We are not disposed, upon this petition, to interfere with the administrative matter of ballot arrangement, nor do we consider it a judicial function to determine what form of arrangement may be least calculated to produce confusion. We cannot say that the plaintiffs are prejudiced by having their names appear in the column of individual nominations along with other candidates who have individual nominations, even though

the principles for which the other candidates stand might differ radically from the principles for which the petitioners stand.

A writ will issue restraining the respondents in the respects hereinabove indicated, *viz.:*

The writ will require that in a three-column ballot there be one column devoted exclusively to individual nominations; that if the Socialist President and Vice-President electors remain in the column of individual nominations, there be removed from their names the name "Debs;" also that there be removed the square or box purporting to facilitate the voting for the group as a unit, and in lieu thereof there be placed a square opposite the name of each individual designated "Socialist," and that the respondents be restrained from printing or circulating three-column ballots which do not conform to this decision.

CHRISTIANSON, Ch. J., and BIRDZELL, BRONSON, and ROBINSON, JJ., concur.

GRACE, J. I concur in the result.